UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-538-H

STEVE HODGES                                                         PLAINTIFF

V.

FORD MOTOR COMPANY and
JACK HALVERSON                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      This case involves a claim of defamation under state law. This Court granted summary judgment concluding that the conversations at issue were privileged because they concerned employee conduct at work. Generally, Defendants' conduct falls within the privilege. However, Plaintiff argued then and now that Defendants exceeded and abused the privilege, a claim which this Court considered and discarded.

      In its current motion, Plaintiff attacks the Court's conclusion that Defendants did not abuse the privilege. The governing rule is that where a publication is qualifiedly privileged, the plaintiff in a slander action has the burden of proving actual malice. *Brewer v. American Nat'l Ins. Co.*, 636 F.2d 150, 154 (6th Cir. 1980) (interpreting Kentucky law). Actual malice "'requires a showing of knowledge of falsity of the defamatory statement or reckless disregard of its truth or falsity.'" *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 799 (Ky. 2004) (quoting *McCall v. Courier-Journal & Louisville Times Co.*, 623 S.W.2d 882, 885 (Ky. 1981)). In its Memorandum Opinion, the Court concluded that "the factual and evidentiary support for Halverson's statements simply precludes a reasonable inference of recklessness based on falsity

alone." Plaintiff now takes issues with this conclusion.

Ultimately, Halverson charged Plaintiff with violating the rules for attending meals and entertainment paid for by Ford parts suppliers. He also charged that Plaintiff violated the confidentiality of the investigation. Halverson had records independently verified from Abel Construction that Plaintiff attended five meals and five entertainments in 2003 paid for by Abel Construction. Also, Plaintiff attended an overnight trip without prior approval. Plaintiff denied some of the allegations but conceded that others were true. Plaintiff denied discussing these matters with anyone; however, Halverson had evidence that Hodges had discussed them with Amy Snyder. The Court concluded that Halverson had plenty of uncontradicted evidence to support Policy C-3 violations. The Court further concluded that all of this evidence precluded a finding of recklessness.

Plaintiff's current motion seems to assert that because Plaintiff denied the allegations and because Halverson failed to exhaustively investigate the charges, Halverson had a legal duty to believe him. The Court has reviewed its prior opinion and has discussed the issues with counsel at a further conference. The question before the Court is not whether Halverson was correct in his assessment; rather it is whether the evidence he relied upon was so weak that one could reasonably infer that Halverson knew it to be untrue. Halverson had independent information from Abel Construction and from Ford employees giving him reason to disbelieve Plaintiff's denials. Disputes that may have existed between Hodges and Halverson one year earlier do not provide an evidentiary basis for a jury finding of recklessness. If this Court were attempting to determine whether Hodges attended the meals paid for by Abel, his denial would be sufficient to create a jury issue. In the context of recklessness, his denial means very little where Halverson

has reason to believe that Hodges encouraged a fellow employee to lie.

The charge of defamation arises from a private meeting at which two authorized Ford supervisors informed Hodges of the reasons for his termination. A peer review process available to salaried employees determined that Hodges's termination was justified. Having unsuccessfully attacked the truth of the charges, Plaintiff attempts the more difficult task of proving that charges found valid were actually made recklessly. Upon reconsideration, the Court once again concludes that the evidence does not support an exception to the privilege accorded private work place communications.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to reconsider is DENIED.

cc:     Counsel of Record