UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04-CV-538-H

**FILED**

Jeffrey A. Apperson, Clerk

SEP 1 1 2008

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

STEVE HODGES                                                    PLAINTIFF

V.

FORD MOTOR COMPANY AND                          DEFENDANT
JACK HALVERSON

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of

the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that

law to the facts you find from the evidence. Do not single out one instruction alone as stating the

law, but rather consider the instructions as a whole. Also, do not be concerned with the wisdom

of any rule of law stated by the Court. You must apply the law given in these instructions

whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence

I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses

and the exhibits admitted in the record. It is your own interpretation and recollection of the

evidence that controls. The statements, objections, and arguments made by the lawyers are not

evidence. What the lawyers have said to you is not binding upon you. You are permitted to draw

reasonable inferences, deductions, and conclusions from the testimony and exhibits which you

feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate.  You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.  In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, his or her frankness or lack of it, and his or her interest in the outcome of the case, if any.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact.  You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

In this case, to find for Plaintiff you must find that each element of his claim is more likely true than not.

2

## INSTRUCTION NO. 1

In this case, Plaintiff Steve Hodges claims that Defendant Jack Halverson is liable for defamation. Plaintiff claims Defendant defamed him by statements made during a meeting, on or about April 26, 2004. Ford Motor Company ("Ford") is also a defendant. If you find against Defendant Halverson, the Court will enter judgment against Ford as well. This case is not about whether or not Plaintiff was fired improperly. You should focus your discussion on the following instructions.

**In order to find for Plaintiff, you must find:**

1. **That at least one of the statements made by Defendant that Plaintiff violated Ford's C-3 Policies or committed a Breach or Breaches of Trust was false.**

   **AND**

2. **That at least one of the false statements, if any were in fact made, was made with malice.**

As used in this instruction, "malice" may be presumed from the falsity of a statement charged, Defendant's knowledge of that falsity, the maliciousness of the statement, or Defendant's reckless disregard for the truth in making the statement. As used in this instruction, "reckless disregard" means that Defendant had actual doubt as to whether the statement was false. As used in this instruction, "false" means not substantially true.

**If you agree with the two statements in bold, answer, "Yes" under Question #1 on the Verdict Form and proceed to Instruction No. 2. If you do not agree with both of the**

3

above bolded statements, answer, "No" under Question #1 of the Verdict Form, sign and

date the form, and return to the courtroom.

### INSTRUCTION NO. 2

You must award Plaintiff a sum of money that will fairly and adequately compensate him for such of the following damages as you believe from the evidence he has suffered or is reasonably certain to suffer in the future as a direct and natural result of the statements by Defendant:

Any embarrassment, humiliation, harm to reputation, and mental anguish, including any such suffering that he is reasonably certain to endure in the future (not to exceed $250,000).

**Indicate your awards for this category of damages in the space listed under Question #2 of the Verdict Form.**

5

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reach an agreement if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson.   The foreperson will preside over your deliberations and will be your spokesperson here in Court.  As I indicated, a verdict form has been prepared for your convenience.  You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the verdict upon which you unanimously agree with respect to each issue in this case. You will then return with your verdict to the courtroom.

6